# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES A. RUSSELL** | : | **CIVIL ACTION NO. 14-2669** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CHUCK MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Petitioner James A. Russel, proceeding *pro se*, brings this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (FCIO). Petitioner is currently incarcerated in Calcasieu Correctional Center awaiting trial on a separate indictment.[1] He names Warden of FCIO, Chuck Maiorana, as defendant herein.

Defendant filed a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, which motion is currently before the court. Doc. 28.  Petitioner has filed an opposition to this motion. Doc. 30.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons we recommend that the Motion to Dismiss be **GRANTED**.

---

[1] Petitioner was indicted on charges of assault and transferred to Calcasieu Correctional Center pending trial. *United States v. James Arthur Russell*, docket no. 2:14-cr-225; doc. 28, att. 1, p. 2.

# I.
## BACKGROUND

Petitioner was convicted and sentenced in Philadelphia, Pennsylvania in 2001. *U.S. v. Russell*, No. 00-cr-567 (E. D. Penn); doc. 6, p. 1. Due to concerns for the petitioner's safety, he has since been transferred to three different United States Penitentiaries. Doc. 6, p. 9-11. Most recently he was moved to the Reintegration Housing Unit at Oakdale. *Id*. at 11. Petitioner was expelled from the Reintegration Housing Unit after receiving a disciplinary incident report for possession of a dangerous weapon. Doc. 28, att. 1, p. 2. Petitioner was notified that he was being moved from the Restricted Housing Unit back to a United States Penitentiary . Doc. 6, p. 11.

Petitioner claims that defendant is aware of the danger to his safety as shown by removing him from the United States Penitentiaries. *Id*. Petitioner claims that moving him from the Restricted Housing Unit to a United States Penitentiary would place his life in danger "… because they're disregarding an excessive risk to his safety." *Id*. at 12. Petitioner complains that defendant has violated petitioner's constitutional rights by failing to protect him. *Id*. at 14.

Defendant moves to dismiss claiming this court does not have subject matter jurisdiction. Defendant also argues that dismissal is warranted as petition has failed to state a claim. Defendant claims that petitioner improperly filed a *habeas corpus* claim rather than filing under 42 U.S.C.A. § 1983 and defendant also argues that petitioner's request for relief has now become moot because the prisoner is being held in Calcasieu Correctional Center rather than a United States Penitentiary. Defendant also asserts petitioner's claims do not rise to the level of a Constitutional violation, which would result in the petitioner failing to state a cognizable claim.[2]

---

[2] Because we find that we lack subject matter jurisdiction because petitioner improperly filed a *habeas corpus* claim rather than a claim under §1983, we decline to address the defendant's arguments of mootness and failure to state a claim.

## II.
### LAW AND ANALYSIS

*Habeas corpus* is the appropriate method for a prisoner to challenge the fact or duration of confinement. *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, a civil rights suit under §1983 "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). When a prisoner would not automatically be entitled to an accellerated release, the proper vehicle is a § 1983 suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam).

Based on a review of the pleadings, the court finds that petitioner has asserted a civil rights claim. The allegations implicate the manner of confinement rather than the fact or duration of his confinement. *See Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Petitioner does not challenge his conviction or assert that he should not be in custody, but instead argues that he should not be returned to a United States Penitentiary. Thus, petitioner must pursue his claims under 42 U.S.C.A. § 1983.

The court declines to convert the petition into a § 1983 action rather than an application for a writ of *habeas corpus. See Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005) (describing the practical difficulties involved when converting). Because petitioner is proceeding *pro se*, a number of things are worth noting. The court is not making a decision on the ultimate merits of the case. Petitioner may immediately refile his case as a civil rights action under § 1983. Filing a civil rights suit will entail a different set of legal rules and consequences. *Id.*

Accordingly, **IT IS RECOMMENDED THAT** the Motion to Dismiss [doc. 28] be **GRANTED** and the petition for writ of *habeas corpus* should be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United States Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 16th day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE